N CHERRY ELECTRICAL (PTY) LTD, a
South African Corporation, and TALISA
WATER (PTY) LTD,

      Plaintiffs,

v.

WAYNE R. FERREIRA,
HENRI-JAMES TIELEMAN,
and ECOLOBLUE, INC.,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff N Cherry Electrical (PTY) LTD ("N Cherry") and Talisa Water (PTY) LTD's ("Talisa") (collectively, "Plaintiffs") Motion for Default Final Judgment, ECF No. [24] ("Motion"), filed on February 18, 2020. The Court has reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. Defendant Ecoloblue, Inc. ("Ecoloblue") has failed to respond to Plaintiffs' Motion.

Plaintiffs initiated this action against Defendants Wayne R. Ferreira ("Ferreira"), Henri-James Tieleman ("Tieleman"), and Ecoloblue (collectively, "Defendants") on August 13, 2019, *see* ECF No. [1], generating a November 11, 2019, service deadline.[1] On September 13, 2019, the Court entered an Order directing Plaintiffs to file proof of service within seven (7) days of perfecting service upon Defendants. ECF No. [8]. On November 11, 2019, Plaintiffs submitted a

---

[1] On November 12, 2019, the Court granted an extension of time within which to effectuate service on Ferreira and Tieleman. ECF No. [12]. Ferreira and Tieleman were ultimately dismissed without prejudice on December 26, 2019, due to Plaintiffs' failure to timely serve. ECF No. [18].

notice indicating that Ecoloblue was served on August 23, 2019. ECF No. [9]. On the same day, based on Ecoloblue's failure to answer or otherwise respond, Plaintiffs moved for an entry of Clerk's Default against Ecoloblue, ECF No. [11], which the Clerk of Court entered on November 12, 2019, ECF No. [15].

Upon the Clerk's entry of default against Ecoloblue, the Court issued an Order on Default Judgment Procedure, requiring Plaintiffs to file either a Motion for Default Final Judgment or a Notice of Joint Liability as to Ecoloblue. ECF No. [16]. Pursuant to the Court's Order, Plaintiffs filed a Notice of Joint Liability on November 26, 2019. ECF No. [17]. After this Court dismissed Ferreira and Tieleman, it entered an Order on Default Judgment Procedure, which indicated that Default Final Judgment would be entered against Ecoloblue if Ecoloblue failed to move to set aside the Clerk's Default. ECF No. [19]. The Court's Order on Default Judgment Procedure further directed Plaintiffs to file a Motion for Default Final Judgment by no later than January 17, 2020, ECF No. [19], which the Court later extended to February 18, 2020, ECF No. [21]. To date, Ecoloblue has not moved to set aside the Clerk's Default nor has it filed any other paper in response to this Court's orders. Thus, on February 18, 2020, Plaintiffs filed the instant Motion. ECF No. [24].

If a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. *See* Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *See* Fed. R. Civ. P. 55(b). This Circuit maintains a "strong policy of determining cases on their merits and [] therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in

the proceedings. *See, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2]

Nevertheless, a defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307 ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citations omitted)); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Moreover, although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206. Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Upon a review of Plaintiffs' submissions, the Court finds a sufficient basis in the pleading to enter default judgment in Plaintiffs' favor. Because Ecoloblue has not appeared, "all of Plaintiffs' well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiffs' allegations well-pled and sufficient to establish Ecoloblue's liability. Plaintiffs bring claims for fraudulent inducement, negligent misrepresentation, violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), breach of contract, and breach of express and implied warranties. *See* ECF No. [1]. By default, Ecoloblue has admitted the truth of the allegations, and accordingly, the Court finds that Plaintiffs have established its claims against Ecoloblue.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez,* 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive

tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). Plaintiffs seek damages in the amount of $393,335.40[3] and, in support of their claims, submit the Declaration of Norman Cherry. ECF No. [25]. Accordingly, under the facts of this case and in light of the evidence contained in the record, the Court finds that a hearing on damages is unnecessary and the requested amount of damages is justified.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Final Default Judgment, **ECF No. [24]**, is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 58, the Court will separately enter Default Final Judgment.

3. Within twenty (20) days of the date of entry of this Order, Plaintiffs' counsel shall submit the affidavit(s) specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorney's fees, and costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 25, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

ECOLOBLUE, INC.
c/o Registered Agent
Alhnouf Mohammed Alhowaish
3109 Grand Ave., #423
Miami, FL 33133

---

[3] The damages sustained by N Cherry are in the amount of $121,805.40, and the damages sustained by Talisa are in the amount of $271,530.00.