UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23382-BLOOM/Louis

N CHERRY ELECTRICAL (PTY) LTD, a
South African Corporation, and TALISA
WATER (PTY) LTD,

      Plaintiffs,

v.

WAYNE R. FERREIRA,
HENRI-JAMES TIELEMAN,
and ECOLOBLUE, INC.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff N Cherry Electrical (PTY) LTD ("N Cherry") and Talisa Water (PTY) LTD's ("Talisa") (collectively, "Plaintiffs") Affidavit of Attorneys' Fees and Costs, ECF No. [28] ("Fee Affidavit"). This Court previously granted Plaintiffs' Motion for Default Judgment and entered a separate Final Default Judgment, *see* ECF Nos. [26] & [27], noting that the amount of attorneys' fees would be determined upon the submission of the appropriate documentation. Plaintiffs' Fee Affidavit was then timely filed. The Court has carefully reviewed Plaintiffs' Fee Affidavit and all accompanying exhibits, and is otherwise fully advised.

### I. LEGAL STANDARD

"Generally, under the 'American Rule,' each party must pay its own attorney's fees, unless a statute or contract provides otherwise." *Cabrera v. Haims Motors, Inc.*, No. 17-cv-60500, 2018 WL 2455438, at *2 (S.D. Fla. June 1, 2018) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560

U.S. 242, 252-53 (2010)), *report and recommendation adopted*, No. 17-cv-60500, 2018 WL 4409844 (S.D. Fla. June 19, 2018); *see also In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract); *Hampton's Estate v. Fairchild-Fla. Const. Co.*, 341 So. 2d 759, 761 (Fla. 1976) (attorneys' fees are not recoverable unless a statute or a contract specifically authorizes their recovery). Moreover, the "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). "Because the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical to determining an award of fees." *Cabrera*, 2018 WL 2455438, at *2 (citing *Fla. Med. Ctr. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th DCA 1995)).

## II. DISCUSSION

### A. Attorneys' Fees

Plaintiffs request attorneys' fees amounting to $12,693.50, which is comprised of $6,637.50 billed by attorney Richard S. Lubliner, $5,076.00 billed by attorney Nathan A. Kelvy, $480.00 billed by paralegal Carolina Perales, and a $500.00 flat fee. Pursuant to the fee provision of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*, "[i]n any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the non-prevailing party." Fla. Stat. § 501.2105(1). "Courts have discretion to award fees under FDUTPA." *Hard Rock Cafe Int'l USA, Inc. v. RockStar Hotels, Inc.*, No. 17-cv-62013, 2019 WL 3412155, at *9 (S.D. Fla. May 20,

2019) (citing *Humane Soc. of Broward Cty., Inc. v. Fla. Humane Soc.*, 951 So. 2d 966, 968 (Fla. 4th DCA 2007)), *report and recommendation adopted*, No. 17-cv-62013, 2019 WL 3408888 (S.D. Fla. June 4, 2019); *see also Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753, 758 (11th Cir. 2017) (affirming a discretionary award of fees and costs under FDUTPA); *PODS Enters., LLC v. U-Haul Int'l, Inc.*, 126 F. Supp. 3d 1263, 1291-92 (M.D. Fla. 2015) (recommending against a fee award based on FDUTPA's equitable factors). In *Norman,* the Court of Appeals for the Eleventh Circuit provided the framework within which courts must analyze the reasonableness of an award of attorneys' fees.

First, a court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Norman,* 836 F.2d at 1299; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Miami,* 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The party applying for attorneys' fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the number of hours billed is reasonable. *Id.* at 1303.

After calculating the lodestar fee, the court then proceeds with an analysis of whether to adjust the amount upwards or downwards. In making this determination, the court may rely on a number of factors, including the quality of the results and representation in the litigation. *Id.* at

Case 1:19-cv-23382-BB   Document 29   Entered on FLSD Docket 05/18/2020   Page 4 of 7

Case No. 19-cv-23382-BLOOM/Louis

1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id.* (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

The Court has carefully reviewed the requested attorneys' fees and accompanying exhibits. In determining the appropriate hourly rate for Plaintiffs' attorneys, the Court considers the factors elucidated in *Norman* and other relevant case law, and it also relies upon its own knowledge and experience. In the opinion of the Court, in light of the above factors, and Defendant's failure to object, the requested rates are reasonable. *Hansen v. Deercreek Plaza, LLC,* 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) ("Satisfactory evidence may also include 'citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases.'"). The hourly rates for the attorneys ($375.00 for Mr. Lubliner, $245.00 and $265.00 for Mr. Kelvy, and $160.00 for Ms. Perales) are not excessive. The Court further concludes that because Plaintiffs achieved the full measure of success sought, the results obtained were "excellent." Therefore, the award of fees "will encompass all hours reasonably expended on the litigation . . . ." *Hensley*, 461 U.S. at 435.

### B.  Costs and Expenses

Plaintiffs also seek an award of taxable and non-taxable costs and expenses in the amount of $2,441.19, including the service of process fees, filing fee, asset search fees, postage costs, and photocopy charges necessarily incurred in the case. Federal Rule of Civil Procedure 54(d)(1)

provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted*, No. 10-61514-CIV, 2011 WL 1598732, (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

"In addition to the award of taxable costs, FDUTPA allows for the award of non-taxable costs, i.e. those costs that are not taxable under federal law at 28 U.S.C. § 1920." *Chow v. Chak Yam Chau*, 640 F. App'x 834, 836 n.4 (11th Cir. 2015) (citing Fla. Stat. § 501.2105(1)-(4)). Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course," and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (citations omitted).

Based upon a review of the materials submitted by Plaintiffs, the Court finds that the requested costs are reasonable, supported by the exhibits, and recoverable. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920 . . . ."); *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process server fees may be taxed pursuant to 28 U.S.C. § 1920(1) which permits taxation of "[f]ees of the clerk and marshal, and noting that copy costs necessarily obtained for use in a case are recoverable); *Burgos v. SunTrust Bank, N.A.*, No. 13-21197-CIV, 2020 WL 2299937, at *10 (S.D. Fla. Mar. 31, 2020) (granting an award of non-taxable costs under FDUTPA that "include[d] expenses related to photocopies, long distance telephone calls, postage, Westlaw charges, and document retrieval services"), *report and recommendation adopted*, No. 13-21197-CIV, 2020 WL 2299936 (S.D. Fla. May 7, 2020). Accordingly, Plaintiffs are entitled to recover $2,441.19 in costs and expenses, including the fees for service of process, a filing fee, a fee for asset searches, postage costs, and photocopy costs.

Case No. 19-cv-23382-BLOOM/Louis

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs are awarded **$12,693.50** in attorneys' and paralegal fees; and

2. Plaintiffs are awarded **$2,441.19** in taxable and non-taxable costs.

**DONE AND ORDERED** in Chambers in Miami, Florida, on May 15, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

ECOLOBLUE, INC.
c/o Registered Agent
Alhnouf Mohammed Alhowaish
3109 Grand Ave., #423
Miami, FL 33133